### RODWAY v BOTTEREL

Ohio Appeals, 1st Dist, Hamilton Co

Decided Feb 8, 1937

Matthews & Matthews, Cincinnati, for appellant.

Benjamin P. Pink, Cincinnati, for appellee.

## OPINION

By TATGENHORST, PJ.

This is an appeal on questions of law from the Court of Common Pleas of Hamilton County.

Apppellant, Charles S. Rodway, receiver, filed his amended bill of particulars in the Municipal Court of Cincinnati. It reads as follows:

"Plaintiff states that he is the receiver for the National Town & Country Club, Cleveland Chapter, and for his first cause of action states that on or about the 8th day of March, 1927, the defendant entered into a written contract with the National Town & Country Club, Cleveland Chapter, whereby he agreed to pay the sum of $350.00 in the following manner:

" '$50.00 herewith, balance in six equal payments, when Board of Managers declares that, in its opinion, sufficient financing is provided to warrant construction of Town Clubhouse.'

"Plaintiff states that he has received $50.00 on this contract and no more.

"Plaintiff states that all of the conditions have been performed on its part, and that the Board of Managers declared that sufficient financing was provided to warrant the construction of a Town Clubhouse on August 12, 1929. Notice of such declaration was served on the defendant, both in writing and by verbal demand to pay the balance due according to the contract, but said defendant wholly fails and refuses to pay the same.

"Wherefore, plaintiff prays judgment on its first cause of action in the sum of $300.00, together with interest at the rate of 6% per annum from August 12th, 1929.

"Plaintiff states that he is the receiver for the National Town & Country Club, Cleveland Chapter, and for his second cause of action states that on or about the 16th day of March, 1927, said defendant entered into a written contract, whereby said defendant agreed to guarantee to the plaintiff the payment of one Resident Membership in its organization in the sum of $350.00, on condition that 2250 Chapter Memberships shall have been accepted or underwritten and the Board of Managers shall have declared that in its opinion sufficient financing has been provided to warrant the construction of the Chapter's Town Clubhouse.

"Plaintiff states that said conditions have been performed and that notice has been served upon the defendant both in writing and by verbal demand for payment, but he wholly refuses and fails to pay the same.

"Wherefore, plaintiff prays judgment on its second cause of action in the sum of $350.00, with interest at the rate of 6% per annum from August 12th, 1929, and his costs herein expended."

The Municipal Court of Cincinnati sustained a general demurrer to both causes of action and rendered a final judgment dismissing the action. Appellant did not plead further. On error to the Common Pleas Court of Hamilton County, that court affirmed the judgment of the Municipal Court.

The sole question to be determined is: Do each of the two causes of action alleged in the amended bill of particulars state a cause of action?

With reference to the first cause of action: Appellee contends that it contains no allegation to the effect that appellee's offer had been accepted; also, that there are no definite periods fixed for the payment of the final installment.

The allegations of the bill of particulars are liberally construed, with a view to substantial justice between the parties.

Appellant pleaded the making of the contract, the obligations thereby assumed, the breach thereof, the performance by the appellant of the conditions precedent,

the amount claimed, and a prayer for judgment.

Acceptance by appellee was a condition precedent to the assertion of rights growing out of the breach of contract and was so pleaded. Appellee accepted appellant's offer by making a partial payment.

The payments of the balance of installments were to be made when the board of managers declared that the finances were sufficient to warrant the construction of the club house. This must be within a reasonable time, and the contrary would be a matter of affirmative defense.

Appellee contends that the second cause of action is an attempt to recover on an alleged guarantee to some one not named in the amended bill of particulars, and that the allegations with reference to the condition of acceptance or underwriting 2250 chapter members are indefinite. Uncertainty and indefiniteness cannot be raised by demurrer. Martin v Penna. Ry. Co., 37 F. (2d) 892.

The word "guarantee" in the contract is to be interpreted according to the common, ordinary, and usual meaning. It expresses an original, primary obligation to pay for one resident membership in appellant's organization, providing certain other conditions are performed by appellant.

The demurrer having been improperly sustained by the trial court, the judgment of the Court of Common Pleas, affirming this action, is reversed, as well as the judgment of the Municipal Court of Cincinnati, and this case is remanded to the Municipal Court of Cincinnati through the Court of Common Pleas for further proceedings according to law.

Judgment reversed and cause remanded.

ROSS and HAMILTON, JJ, concur.